15036

OVERTON v. CHADWICK *ET AL.*

(7 S. E. (2d), 632)

June, 1939.

*Messrs. E. L. Ard* and *J. D. O'Bryan,* for appellants,

*Messrs. M. L. Meadors* and *Royall & Wright,* for respondent,

March 8 1940.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action was commenced on April 26, 1937. Plaintiff alleges that he is the owner and in possession of a tract of 153 acres of land the northern portion of which includes a number of fields which are under cultivation; that while his laborers were plowing in these fields defendants entered thereon threatened and interfered with the work being done, ordered the laborers off the land and directed them to keep off; that defendants then posted signs on the property "purporting to forbid trespassing." In accordance with plaintiff's prayer that defendants be permanently enjoined from

trespassing upon this property, Judge Stoll issued a temporary restraining order.

The defendant Snowden, answering, denies plaintiff's ownership of the entire tract of land described in the complaint. He alleges that he is the owner of a tract of 84 acres lying "just north of the land owned by the plaintiff"; that this 84-acre tract is included within the boundaries of the lands claimed by plaintiff, and is the tract "on which plaintiff claims trespass was done." Chadwick's answer merely sets up a mortgage held by him covering the tract claimed by Snowden.

The matter was duly referred to Roger E. Harrell as special Referee. He held a reference and filed his report in which he recommended that Snowden be declared the owner of the 84 acres claimed by him. He further recommended that the complaint be dismissed and that the order of injunction be dissolved; subsequently another reference was held, as ordered by Judge Stoll, for the purpose of introduction in evidence by plaintiff of a map made by P. G. Gourdin, surveyor, in 1911. Judge Stoll, by his decree, confirmed the report of the special Referee. He also appointed and directed P. G. Gourdin, a surveyor, to go upon the tract of land described in the complaint and lay out and mark the dividing line separating the portion of the land admittedly owned by plaintiff from the portion claimed by defendants, and to make his report and findings to the Court together with his map. Thereafter plaintiff gave notice of intention to appeal to the Supreme Court from this decree, but such appeal was held in abeyance pending the report of the surveyor.

The surveyor subsequently filed his report in which he stated that he was unable to find any marks on the land which would aid him in laying out the dividing line; he, however, attached to his report two maps, neither of which had been introduced in evidence, which he stated would help in determining the location of the division line. He further stated that he "did not run a dividing line, deeming it proper

to first submit" his "findings to the Court for further instructions."

Plaintiff thereupon gave notice that he would move before Judge Dennis for an order rejecting the report of the surveyor and discharging him from any further duties in connection with the matter. Defendants also gave notice that they would move before Judge Dennis, at the time and place of the hearing on plaintiff's motion, for an order approving the report of the surveyor and authorizing and directing him to proceed to establish the dividing line in question.

Judge Dennis granted plaintiff's motion, and ordered that the entire matter be recommitted to the special Referee herein for a new trial of all issues involved, the entire matter to be considered by him and his findings therein reported to the Court entirely as if in the first instance and as if no previous trial had occurred. From this ruling, defendants appealed.

The second exception, which we will first consider, charges Judge Dennis with error in holding that the surveyor could not consider the two plats referred to in and attached to his report, in that Judge Stoll's decree directed him to "determine the location of the line in question from such sources as may be available, and such report shows the relevancy of such plats."

With reference to the introduction of these plats, Judge Dennis concluded: "It is clear that the data and opinions of the surveyor with respect to the old plat, made in 1860 and referred to in his report, as well as the copy of the recorded plat attached to the report cannot be brought into the record of the case in the manner here attempted and that their inclusion, and the inclusion also of the copy of the plat made by the surveyor himself in 1910, and attached to his report, exceeds the scope of the surveyor's duties as contemplated by the amended decree, and would be in violation of the established rules of procedure and introduction of evidence. The plat first referred to has not been identified

as representing any portion of the land here in question, and the surveyor is not, nor could he be, vested with any right or authority to assume such identity and, upon the basis of his individual opinions, adopt the judicial role and establish the boundary line in question, upon the theory and in the manner suggested in his report."

We fully agree with the reasoning of Judge Dennis. Judge Stoll intended, when he used the expression "from such sources as may be available," that the surveyor should recognize only such documents as are, under the law as to introduction of evidence, properly before him. The two plats, not having been so introduced, do not meet this requirement.

The first exception challenges Judge Dennis' authority to order a new trial. Appellants contend (a) that one Circuit Judge is without power to reverse another; (b) that no showing was made which would warrant the ordering of a new trial on after-discovered evidence; and (c) that, there being before him respondent's motion to reject the surveyor's report and appellants' motion to confirm such report, Judge Dennis had only the power to reject or confirm, or "if he deemed it necessary, recommit to the special Referee for the sole purpose of taking further testimony as to the location of the dividing line, all other questions having been determined by Judge Stoll's decree."

Judge Dennis said: "The foregoing is particularly true in view of the surveyor's frank statement, also included in his report, that he was unable to establish a line because of his failure to find any marks on the ground to indicate its location. It is evident from this result that the purpose of the former amended decree cannot be carried into effect on the basis of the evidence which has been presented to the Court, and it is also apparent, as contended by counsel for the plaintiff, that the absence of any marks on the ground indicating an old boundary line across the tract, may have

had a material effect upon the findings of the Referee, and their confirmation by the Court, if this information had been available. Under these circumstances, it appears to me that the whole matter must be opened up and resubmitted to the Referee for consideration in the light of the facts which have been referred to and such other testimony as may be offered."

It is clear that Judge Dennis does not question the correctness of the rulings made by Judge Stoll in his decree. But, as has already been seen, the directions contained in that decree have not been, nor can they be, carried out until some additional testimony is adduced. When, and if, properly introduced in evidence, the two plats mentioned above might be of some aid in a final disposition of the matter. Judge Dennis, in resubmitting the case to the Referee for consideration, does not intend, in effect, to reverse Judge Stoll's holdings, but is following the only procedure by which the location of the dividing line in question can ultimately be ascertained.

We think that the case of *Durant v. Philpot,* 16 S. C., 116, upholds the position taken by Judge Dennis. We quote at length from that decision:

"The defendant, Philpot, bought a tract of land from one W. G. Field, paying part cash, and giving his note, secured by a mortgage of the premises, for the balance. The allegation on the part of the defendants is, that Philpot borrowed the money from Lawrence with which to pay the note, and paid it to Field, with the understanding that when the note was fully paid to Field, it and the mortgage should be assigned to Lawrence, as a security for the money advanced by him. Accordingly, when Field received the balance due him on the note, the mortgage, with the note, was assigned by Field to Lawrence. An action was then brought by Lawrence, as assignee of the mortgage, to foreclose the same, under which Lawrence bid off the land, and, subsequently, conveyed the same to the defendant, Gravely. The plaintiff, on the other hand, contends that the arrange-

ment for the transfer of the mortgage to Lawrence was fraudulent and designed to defeat the creditors of Philpot, some of whom had reduced their claims to judgment, and that there was no agreement on the part of Field to assign the mortgage before the debt, secured by it, was paid, and, consequently, when the note was paid by Philpot, the mortgage was satisfied and the assignment of it was a nullity. The case was heard by Judge Thomson at March term, 1880, and, on May 3d, thereafter, his decision was filed, in which he held that the evidence showed that there was no agreement for the assignment of the mortgage before the debt, secured by it, was paid, and, therefore, that the assignment was a nullity, and that the purchaser under the suit for foreclosure took nothing. He, therefore, ordered the land sold, and the proceeds disposed of as the Court might thereafter order. Within ten days after this decision was filed, the defendants, Lawrence and Gravely, gave notice that, at the next term of the Court of Common Pleas, they would move for a new trial, upon the ground of newly-discovered evidence * * *. The newly-discovered evidence relied upon is in the form of a receipt * * *.

"At the next term of the Court the motion for a new trial was heard by Judge Mackey and granted, whereupon the plaintiff appealed on various grounds, which will be considered in their order:

"1. Because 'one Circuit Judge has no authority to reverse and nullify the decision or decree of another Circuit Judge, as was done by the order granting a new trial in this instance.'

"It is quite manifest that Judge Mackey, in granting the motion for a new trial, does not undertake to reverse or nullify the decision or decree of Judge Thomson. The latter rested his decision solely upon the ground that the evidence, as presented to him, satisfied his mind that there was no agreement to assign the mortgage until after the debt, secured by it, had been paid by the mortgagor, and, therefore,

that the assignment was a nullity, there being then nothing to assign. Judge Mackey, without pretending to controvert or question the correctness of this conclusion of fact on the testimony before Judge Thomson, and without questioning the conclusion of law deduced therefrom—indeed, admitting the correctness of the law laid down, simply holds that the newly-discovered evidence would have a very important bearing upon the question of fact, which was made the basis of the former decision, and would, probably, tend to induce a different conclusion, and grants the motion for a new trial, in order that the parties may have the opportunity of introducing this newly-discovered evidence. He does not grant the motion because of any error committed by Judge Thomson, but solely because of the discovery, since the former trial, of certain evidence, which, in his judgment, was well calculated to influence the result and show that the former decision was erroneous; not because of any fault or error in the Judge who rendered the former decision, but because of the absence of that full light which subsequent discoveries have enabled the parties to shed upon the questions of fact involved."

We are of opinion that Judge Dennis properly granted a new trial.

Our disposition of Exceptions 1 and 2 renders unnecessary a consideration of the third exception.

The circuit decree is affirmed.

Mr. Chief Justice Bonham and Messrs. Justices Baker and Fishburne concur.